Harper J.
The ground of the motion is the uncertainty and indirectness of the affidavit, which states the fact of the indictment for perjury having been preferred by the defendant, as the plaintiff “believes, and is satisfied, without any reasonable or probable cause.” The general rule certainly is, that the añida-, vit must be direct and positive, and that affidavit of belief, is insufficient. An exception is however made, when from the nature of the case, it cannot be in the party’s power to swear more; as in the instance of executors and administrators, assignees &c. ■
The foundation of this action, is the want of probable cause, and it is plainly impossible, that the plaintiff could swear positively what he could not know, that the prosecutor had no probable cause of belief or sus *295 picion. It is true, that in the case of Peareson v. Pickett, 1 M'Cord, 472, whichwas an action of slander, the affidavit was decided to be insufficient, because the plaintiff had not denied the truth of the charge made against him. This was on the ground, that the words spoken might be justified if true, and their truth or falsehood might be in issue in the the cause. But the truth or falsehood ■ of the charge — the fact whether the plaintiff had or had not committed perjury, could not be at issue in this cause. The question was not of the truth or falsehood of the charge, but whether there was, or was not probable cause for it. It maybe said, that if the defendant proves the truth of the charges, he shews probable cause, and something more. Such evidence would of necessity be admitted; since no line can be drawn, between that which goes to shew the existence of probable cause, and that which tends to establish the party’s guilt. Yet in strictness, this evidence is not applicable to the issue.
A. W. Thomson, for the motion.
Herndon, contra.

Motion refused.

Johnson J. concurred.
[O’Neall J. having been of counsel in the case, gaye no opinion.]